IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS ANDRES LOPEZ,

      Plaintiff,                     No. 2:12-cv-1571 DAD P

      vs.

COLUSA COUNTY
SHERIFF'S DEPARTMENT et al.,

      Defendants.             <u>ORDER</u>

          Plaintiff is a county inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has filed an application to proceed in forma pauperis under 28 U.S.C. § 1915. This proceeding was referred to the undersigned magistrate judge in accordance with Local Rule 302 and 28 U.S.C. § 636(b)(1).

          Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

          Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly

1

payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

**SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the

1  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.
2  738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all
3  doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).
4  　　　　　The Civil Rights Act under which this action was filed provides as follows:
5  　　　　　Every person who, under color of [state law] . . . subjects, or causes
　　　　　to be subjected, any citizen of the United States . . . to the
6  　　　　　deprivation of any rights, privileges, or immunities secured by the
　　　　　Constitution . . . shall be liable to the party injured in an action at
7  　　　　　law, suit in equity, or other proper proceeding for redress.
8  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the
9  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See
10  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362
11  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the
12  meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
13  omits to perform an act which he is legally required to do that causes the deprivation of which
14  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
15  　　　　　Moreover, supervisory personnel are generally not liable under § 1983 for the
16  actions of their employees under a theory of respondeat superior and, therefore, when a named
17  defendant holds a supervisorial position, the causal link between him and the claimed
18  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
19  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory
20  allegations concerning the involvement of official personnel in civil rights violations are not
21  sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**PLAINTIFF'S COMPLAINT**

23  　　　　　In the present case, plaintiff has identified the Colusa County Sheriff's
24  Department, Sheriff Marshal, Dr. Austin, and Nurse Holt as the defendants.  Plaintiff alleges that
25  he is a diabetic and also suffers from high blood pressure, acid reflux, and restless leg syndrome
26  but has not had a check-up or received medication for his conditions.  Plaintiff alleges that he

been housed at the Colusa County Jail for an entire year.  In terms of relief, plaintiff requests compensatory damages.  (Compl. at 3.)

**DISCUSSION**

The allegations in plaintiff's complaint are so vague and conclusory that the court is unable to determine whether the current action is frivolous or fails to state a claim for relief. The complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to the defendants and must allege facts that support the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support his claims.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of his federal constitutional or statutory rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The amended complaint must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

If plaintiff wishes to proceed on an inadequate medical care claim against the defendants, he is advised that in Estelle v. Gamble, 429 U.S. 97, 106 (1976), the Supreme Court held that inadequate medical care did not constitute cruel and unusual punishment cognizable

1  under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious
2  medical needs." In general, deliberate indifference may be shown when prison officials deny,
3  delay, or intentionally interfere with medical treatment, or may be shown by the way in which
4  prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th
5  Cir. 1988).
6          In any amended complaint plaintiff elects to file, he will need to allege facts
7  demonstrating how each named defendant's actions rose to the level of "deliberate indifference"
8  to his medical needs. Plaintiff is cautioned, however, that mere differences of opinion between a
9  prisoner and prison medical staff or between medical professionals as to the proper course of
10 treatment for a medical condition do not give rise to a § 1983 claim. See Toguchi v. Soon
11 Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330, 332 (9th
12 Cir. 1996); Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Franklin v. Oregon, 662 F.2d
13 1337, 1344 (9th Cir.1981). In addition, before it can be said that a prisoner's civil rights have
14 been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,'
15 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter
16 Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).
17         Plaintiff is informed that the court cannot refer to a prior pleading in order to
18 make plaintiff's amended complaint complete. Local Rule 220 requires that an amended
19 complaint be complete in itself without reference to any prior pleading. This is because, as a
20 general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375
21 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no
22 longer serves any function in the case. Therefore, in an amended complaint, as in an original
23 complaint, each claim and the involvement of each defendant must be sufficiently alleged.
24 /////
25 /////
26 /////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Sheriff of Colusa County filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed without prejudice.

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

DATED: July 5, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
lope1571.14

6