IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS ANDRES LOPEZ,

       Plaintiff,                        No. 2:12-cv-1571 DAD P

     vs.

COLUSA COUNTY
SHERIFF'S DEPARTMENT et al.,

       Defendants.             ORDER

         Plaintiff is a state prisoner proceeding pro se with this civil rights action seeking relief pursuant to 42 U.S.C. § 1983.

         On February 8, 2013, plaintiff filed a motion for leave to amend his complaint. Plaintiff's motion was not, however, accompanied by a proposed amended complaint as required. As a prisoner, plaintiff's pleadings are subject to evaluation by this court pursuant to the in forma pauperis statute. See 28 U.S.C. § 1915A. Since plaintiff did not submit a proposed amended complaint, the court is unable to evaluate plaintiff's motion and proposed amended complaint. Accordingly, the court will deny plaintiff's motion to amend at this time.

         Plaintiff has also requested appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In

1

certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to amend (Doc. No. 23) is denied without prejudice; and

2. Plaintiff's motion for appointment of counsel (Doc. No. 23) is denied.

DATED: March 28, 2013.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
lope1571.31