UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ANDRES LOPEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>COLUSA COUNTY SHERIFF'S DEPARTMENT et al.,<br><br>    Defendants. | No. 2:12-cv-1571 DAD P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983. This matter is before the court on defendants' motion for summary judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff has filed an opposition to the motion, and defendants have filed a reply. Both parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (Doc. Nos. 5 & 19.)

**BACKGROUND**

Plaintiff is proceeding on an amended complaint. Therein, plaintiff alleges that prior to his arrest, Dr. Diane Chandler at a Del Norte medical clinic in Colusa, California diagnosed him as suffering with diabetes, high blood pressure and cholesterol, acid-reflux, and restless leg syndrome. Plaintiff alleges that Dr. Chandler prescribed him insulin for his diabetes, an unspecified medication for his high blood pressure, Prilosec for his acid reflux, and Requip for his

1  restless leg syndrome.  Plaintiff maintains that he informed defendants Dr. Austin and Nurse Holt
2  at the Colusa County Jail about his medical conditions and asked for the appropriate medication,
3  but from June 29, 2011, to July 16, 2012, he did not receive those medications.  Plaintiff claims
4  that as a result he has suffered from loss of sleep, loss of weight, emotional and mental distress,
5  night and day sweats, body shakes, and other severe complications and pains.  In terms of relief,
6  plaintiff requests damages.  (Pl.'s Am. Compl. at 1-2.)

## SUMMARY JUDGMENT STANDARDS UNDER RULE 56

8   Summary judgment is appropriate when the moving party "shows that there is no genuine
9  dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.
10 Civ. P. 56(a).
11  Under summary judgment practice, the moving party "initially bears the burden of
12 proving the absence of a genuine issue of material fact." In re Oracle Corp. Securities Litigation,
13 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).
14 The moving party may accomplish this by "citing to particular parts of materials in the record,
15 including depositions, documents, electronically store information, affidavits or declarations,
16 stipulations (including those made for purposes of the motion only), admission, interrogatory
17 answers, or other materials" or by showing that such materials "do not establish the absence or
18 presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to
19 support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).  When the non-moving party bears the burden
20 of proof at trial, "the moving party need only prove that there is an absence of evidence to support
21 the nonmoving party's case." Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325.).
22 See also Fed. R. Civ. P. 56(c)(1)(B).  Indeed, summary judgment should be entered, after
23 adequate time for discovery and upon motion, against a party who fails to make a showing
24 sufficient to establish the existence of an element essential to that party's case, and on which that
25 party will bear the burden of proof at trial. See Celotex, 477 U.S. at 322.  "[A] complete failure
26 of proof concerning an essential element of the nonmoving party's case necessarily renders all
27 other facts immaterial." Id.  In such a circumstance, summary judgment should be granted, "so
28 /////

1   long as whatever is before the district court demonstrates that the standard for entry of summary
2   judgment, . . ., is satisfied." Id. at 323.

3   If the moving party meets its initial responsibility, the burden then shifts to the opposing
4   party to establish that a genuine issue as to any material fact actually does exist. See Matsushita
5   Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the
6   existence of this factual dispute, the opposing party may not rely upon the allegations or denials
7   of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or
8   admissible discovery material, in support of its contention that the dispute exists. See Fed. R.
9   Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the
10  fact in contention is material, i.e., a fact that might affect the outcome of the suit under the
11  governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,
12  Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is
13  genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving
14  party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

15  In the endeavor to establish the existence of a factual dispute, the opposing party need not
16  establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual
17  dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at
18  trial." T.W. Elec. Serv., 809 F.2d at 631. Thus, the "purpose of summary judgment is to 'pierce
19  the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"
20  Matsushita, 475 U.S. at 587 (citations omitted).

21  "In evaluating the evidence to determine whether there is a genuine issue of fact," the
22  court draws "all reasonable inferences supported by the evidence in favor of the non-moving
23  party." Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011). It is
24  the opposing party's obligation to produce a factual predicate from which the inference may be
25  drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),
26  aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing
27  party "must do more than simply show that there is some metaphysical doubt as to the material
28  facts . . . . Where the record taken as a whole could not lead a rational trier of fact to find for the

1  nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 587 (citation

2  omitted).

## OTHER APPLICABLE LEGAL STANDARDS

I. Civil Rights Act Pursuant to 42 U.S.C. § 1983

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

/////
/////
/////
/////
/////
/////

4

II. <u>The Fourteenth Amendment and Inadequate Medical Care</u>[1]

"[T]he 'deliberate indifference' standard applies to claims that correction facility officials failed to address the medical needs of pretrial detainees." <u>Clouthier v. County of Contra Costa</u>, 591 F.3d 1232, 1242 (9th Cir. 2010). <u>See</u> also <u>Simmons v. Navajo County</u>, 609 F.3d 1011, 1017 (9th Cir. 2010) ("Although the Fourteenth Amendment's Due Process Clause, rather than the Eighth Amendment's protection against cruel and unusual punishment, applies to pretrial detainees, we apply the same standards in both cases.") (internal citations omitted).

Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for the prisoner's interests or safety.'" <u>Farmer</u>, 511 U.S. at 835. Under the deliberate indifference standard, a person may be found liable for denying adequate medical care if he "knows of and disregards an excessive risk to inmate health and safety." <u>Id.</u> at 837. <u>See</u> also <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Lolli v. County of Orange</u>, 351 F.3d 410, 418-19 (9th Cir. 2003); <u>Doty v. County of Lassen</u>, 37 F.3d 540, 546 (9th Cir. 1994). A deliberate indifference claim predicated upon the failure to provide medical treatment has two elements:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent.

<u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006). <u>See</u> also <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1991) (an Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need."), <u>overruled on other grounds by</u> <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc).

/////

---

[1] Defense counsel has relied on arguments based upon the Eighth Amendment in support of the pending motion for summary judgment. However, plaintiff was not a convicted state prisoner at the time defendants Dr. Austin and Nurse Holt treated him at the Colusa County Jail. (Defs.' Mot. for Summ. J., Holt Decl. Ex. A at 13.). Rather, plaintiff was awaiting trial and therefore was a pretrial detainee. Although the same deliberate indifference standard applies to plaintiff's medical care claims, it applies by way of the Fourteenth Amendment and not the Eighth Amendment. <u>See</u> <u>Clouthier v. County of Contra Costa</u>, 591 F.3d 1232, 1244 (9th Cir. 2010).

**ANALYSIS**

Plaintiff claims that defendants Dr. Austin and Nurse Holt were deliberately indifferent to his serious medical needs when they denied him insulin for his diabetes and necessary medication for his high blood pressure, acid-reflux, and restless leg syndrome conditions for more than a year. Based on all of the evidence presented in connection with the pending motion for summary judgment, and for the reasons stated below, the undersigned concludes that defendants are entitled to summary judgment in their favor with respect to plaintiff's claim that the medical treatment provided with respect to his diabetes condition was constitutionally inadequate. However, because the defendants' pending motion fails to address their treatment of plaintiff's other medical conditions as alleged in his complaint, the court also concludes that further proceedings are necessary with respect to plaintiff's claims relating to the treatment of his other medical conditions.

I. Plaintiff's Serious Medical Needs

The court finds, and defendants do not dispute, that based upon the evidence presented by the parties in connection with the pending motion for summary judgment, a reasonable juror could conclude that plaintiff's diabetes constitutes an objective, serious medical need. See McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."); see also Canell v. Bradshaw, 840 F. Supp. 1382, 1393 (D. Or. 1993) (the Eighth Amendment duty to provide medical care applies "to medical conditions that may result in pain and suffering which serve no legitimate penological purpose."). Specifically, plaintiff's medical records, as well as the observations and treatment recommendations by plaintiff's treating physician and nurse compel the conclusion that plaintiff's diabetes, if left untreated, could result in "further significant injury" and the "unnecessary and wanton infliction of pain." McGuckin, 974 F.2d at 1059.

/////

II. Defendants' Response to Plaintiff's Serious Medical Needs

The court now turns to defendants' response to plaintiff's serious medical needs. As noted above, plaintiff complains that the defendants were deliberately indifferent to his medical needs because although Dr. Chandler prescribed him insulin for his diabetes and medication for his high blood pressure, acid reflux, and restless leg syndrome, the defendants denied him insulin and medication for his other medical conditions for more than a year. (Pl.'s Compl. at 1-2.)

Strangely, defendants' motion for summary judgment addresses only the treatment of plaintiff's diabetes and does not at all address the treatment, if any, of plaintiff's other medical conditions. Defendants' motion does not address how or why defendants Dr. Austin and Nurse Holt reached their decisions, if any, with respect to their treatment of plaintiff's high blood pressure, acid reflux, and restless leg syndrome conditions. Nor does defendants' motion for summary judgment address whether the treatment decisions reached by defendants Dr. Austin and Nurse Holt, if any, with respect to plaintiff's other medical conditions rose to the level of constitutionally inadequate medical care. Of course, it is the defendants' "affirmative duty" as the moving party under Rule 56 to demonstrate their "entitlement to judgment as a matter of law." Martinez v. Stanford, 323 F.3d 1178, 1182-83 (9th Cir. 2003). See also Greene v. Solano County Jail, 513 F.3d 982, 990 (9th Cir. 2008) (reversing sua sponte summary judgment because a "pro se plaintiff . . . cannot be expected to anticipate and prospectively oppose arguments that an opposing defendant does not make."). Defendants have failed to do so with respect to plaintiff's claims that they were deliberately indifferent to his serious medical needs when they denied him his medication for his high blood pressure, acid reflux, and restless leg syndrome conditions.[2]

---

[2] In summarizing the allegations of the first amended complaint, defense counsel acknowledges plaintiff's allegations that he suffers from diabetes "among other medical conditions" and had been prescribed insulin for his diabetes and "other medications for his other problems." Counsel also acknowledges that plaintiff maintains that "he has been denied the medications he needs." (Defs.' Mem. of P. & A. at 1.) It is unclear why counsel acknowledged plaintiff's high blood pressure, acid-reflux, and restless leg syndrome as "other medical conditions" and yet did not address them in this motion for summary judgment. The court would entertain a motion for leave to act out of time to file a second motion for summary judgment addressing these additional medical care claims if counsel can show good cause to modify the scheduling order in this case as required. See Johnson v. Mammoth Re-creations, 975 F.2d 604, 608 (9th Cir. 1992).

7

As to the medical treatment provided by defendants in response to plaintiff's diabetes, which defendants have squarely addressed in the pending motion, the undersigned finds that defendants have met their initial burden of demonstrating that there is no genuine issue of material fact with respect to the adequacy of the medical care provided to plaintiff. Specifically, the evidence submitted by the defendants in support of their motion for summary judgment establishes the following. On July 7, 2011, plaintiff reported to defendant Nurse Holt that "Dr. Ann Chung" was his most recent treating physician and that he filled his prescriptions at a Walmart pharmacy in Fairfield. Defendant Nurse Holt followed-up on this report by plaintiff and found that neither a "Dr. Ann Chung" nor a Walmart pharmacy in Fairfield actually existed. Defendant Nurse Holt communicated this information to plaintiff, but plaintiff was not able to provide any further information about his most recent medical provider and pharmacy. Under these circumstances, defendant Nurse Holt ordered blood glucose testing for plaintiff, and because plaintiff had historically received treatment from a Dr. Chandler at the Del Norte Clinic, the defendant sent a fax to the clinic requesting a copy of plaintiff's medical file. Despite that request, the clinic did not respond to defendant Nurse Holt's fax sent that day or a subsequent fax request sent on February 22, 2012. (Defs.' SUDF 1-2, Holt Decl. & Ex. A & Levin Decl.)

For the following seven days, medical personnel at the county jail tested plaintiff's blood sugar levels which ranged from a low of 73 to a high of 92 during that time. Normal fasting blood sugar ranges from 70-110. Based on the results of the blood sugar level testing administered to plaintiff and the fact that there were no reported clinical signs of diabetes such as increased urination or weight loss, there was no medical basis for defendant Dr. Austin to order diabetic medication for plaintiff. (Defs.' SUDF 3-4, Holt Decl. & Ex. A & Levin Decl.)

About a year later, on June 20, 2012, at plaintiff's regularly-scheduled one-year health screening, plaintiff reported increased stress as a result of his criminal trial. In addition, for the first time plaintiff reported a two-week history of increased hunger, thirst, and urination. Plaintiff did not report fatigue, changes in vision, chest pains, or palpitations. In light of these newly reported clinical symptoms, defendant Nurse Holt included in plaintiff's differential diagnosis that diabetes should be ruled out. Defendant Nurse Holt also ordered additional blood sugar tests

1 for plaintiff at that time.  In the ensuing weeks, medical personnel at the county jail tested
2 plaintiff's blood sugar levels on a daily basis, except when plaintiff refused those tests.  However,
3 plaintiff's blood sugar readings from June 2012, through August 9, 2012, as determined by that
4 testing still did not support a diabetes diagnosis.  (Defs.' SUDF 5-7, Holt Decl. & Ex. A & Levin
5 Decl.)

6 However, on August 22, 2012, following two blood sugar readings that reached 300,
7 defendant Nurse Holt ordered outside laboratory tests.  Upon receiving plaintiff's outside
8 laboratory test results, which reflected a finding of glucose in plaintiff's urine, defendant Dr.
9 Austin ordered Metformin[3] for plaintiff, along with a diabetic diet and blood sugar testing.  From
10 September 11, 2012, through September 16, 2012, medical personnel at the county jail continued
11 to test plaintiff's blood sugar levels on a daily basis.  Testing revealed that plaintiff's blood sugar
12 levels were reduced and remained generally below 200 up until his transfer to state prison.
13 (Defs.' SUDF 5-9, Holt Decl. & Ex. A & Levin Decl.)

14 Given the evidence submitted by defendants in support of the pending motion for
15 summary judgment, the burden shifts to plaintiff to establish the existence of a genuine issue of
16 material fact with respect to his inadequate medical care claims.  On defendants' motion for
17 summary judgment, the court is required to believe plaintiff's evidence and draw all reasonable
18 inferences from the facts before the court in plaintiff's favor.  The court has reviewed plaintiff's
19 verified complaint and his opposition to defendants' motion.  Drawing all reasonable inferences
20 in plaintiff's favor, the court concludes that plaintiff has not come forward with sufficient
21 evidence in this action to create a genuine issue of material fact with respect to his claim that
22 defendants violated his rights under the Fourteenth Amendment with their treatment of his
23 diabetes condition.

24 Specifically, plaintiff has not presented any evidence to demonstrate that defendants
25 responded to his serious medical needs with deliberate indifference or acted in conscious
26 disregard of an excessive risk to plaintiff's health.  See Farmer, 511 U.S. at 834 & 837; Estelle,

---

[3] Metformin is a medication used to treat diabetes.

9

429 U.S. at 106. Plaintiff contends that Dr. Chandler previously diagnosed him as suffering from diabetes and prescribed him insulin for that condition. However, as plaintiff himself acknowledged to defendant Nurse Holt, plaintiff had not seen Dr. Chandler in more than nine months when he entered the Colusa County Jail. In addition, plaintiff had not been on any insulin or medication for months. Nonetheless, defendant Nurse Holt twice faxed a request to Dr. Chandler's clinic requesting a copy of plaintiff's medical file (to no avail) and ordered blood sugar testing and a bland diet for plaintiff. Based on plaintiff's exam and the results of plaintiff's blood sugar testing at that time there was no medical need to prescribe him medication.

It was not until June 20, 2012, at plaintiff's one-year health screen physical examination, that plaintiff reported a two-week history of increased hunger, thirst, and urination – symptoms consistent with diabetes. In light of the new clinical symptoms, defendant Nurse Holt included in his differential diagnosis to rule out diabetes and again ordered additional blood sugar testing for plaintiff. Defendant Nurse Holt also ordered a diabetic diet for plaintiff. For the month or so thereafter, plaintiff's blood sugar readings still did not support a diabetes diagnosis, but as soon as plaintiff had two blood sugar readings that reached 300, defendant Nurse Holt ordered outside laboratory tests. Shortly thereafter, based on the outside laboratory test results, defendant Dr. Austin ordered Metformin, a diabetic diet, and daily blood sugar testing for plaintiff. Plaintiff's blood sugar then decreased, presumably as a result of the medical treatment administered by defendants, prior to his transfer to state prison.

Based on these undisputed facts, at most, plaintiff has a mere difference of opinion with the defendants as to how his diabetes condition should have been treated. As discussed above, however, a mere difference of opinion between a prisoner and prison medical staff as to the proper course of medical care does not give rise to a cognizable § 1983 claim. See Snow, 681 F.3d at 988; Jackson, 90 F.3d at 332; Sanchez, 891 F.2d at 242; Franklin, 662 F.2d at 1344; see also Fleming v. Lefevere, 423 F. Supp. 2d 1064, 1070 (C.D. Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion."). Here, plaintiff has provided no evidence to demonstrate that the defendants' medical decisions with

1  respect to the treatment of his diabetes were medically unacceptable under the circumstances or
2  that defendants chose their course of treatment in conscious disregard of an excessive risk to
3  plaintiff's health.  See Farmer, 511 U.S. at 825 (deliberate indifference to a medical need is
4  shown when a prison official knows that an inmate has a serious medical need and disregards that
5  need by failing to respond reasonably); McGuckin, 974 F.2d 1050 (a defendant "must
6  purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for
7  deliberate indifference to be established.").  Nor has plaintiff provided evidence to show that any
8  delay in plaintiff receiving insulin or Metformin caused him substantial harm or was the product
9  of deliberate indifference.  See Shapley, 766 F.2d at 407 (mere delay in providing care does not
10 constitute deliberate indifference).

11       In sum, based on the evidence in this case, the court finds that plaintiff received regular
12 medical care for his diabetes condition from defendants.  The details found in plaintiff's medical
13 records contradict his subjective belief that the defendants were deliberately indifferent to his
14 serious medical condition.  Accordingly, the court concludes that defendants are entitled to
15 summary judgment in their favor on plaintiff's claim against them with respect to their treatment
16 of his diabetes.  However, for the reasons discussed above, further proceedings are necessary with
17 respect to the remainder of plaintiff's medical care claims which defense counsel did not address
18 in the pending motion for summary judgment.

## CONCLUSION

20       For all of the foregoing reasons, IT IS HEREBY ORDERED that:
21       1. Defendants' motion for summary judgment (Doc. No. 24), which addresses only
22 plaintiff's claim that defendants' treatment of his diabetes condition was constitutionally
23 inadequate, is granted; and
24       2. Within thirty days of the date of this order, defendants may file a motion for leave to
25 act out of time to file a second motion for summary judgment on plaintiff's Fourteenth
26 Amendment claims regarding defendants' treatment of his high blood pressure, acid-reflux, and
27 /////
28 /////

1  restless leg syndrome conditions. If defendants choose not to file such a motion, the court will
2  issue an order setting this matter for a settlement conference and further pretrial proceedings.
3  Dated: November 20, 2013

*Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
lope1571.57