JEROME M. VARANINI, ESQ. (State Bar No. 58531)
TRIMBLE, SHERINIAN & VARANINI
2500 Venture Oaks Way, Suite 350 (95833)
P.O. BOX 590
SACRAMENTO, CA  95812-0590
TELEPHONE:  (916) 444-8271

Attorney for Defendants JAMES HOLT, F.N.P.
and JEREMY AUSTIN, M.D.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS ANDRES LOPEZ,<br><br>    Plaintiff,<br><br>vs.<br><br>COLUSA COUNTY SHERIFF DEPT., ET AL.,<br><br>    Defendants.<br>_____/ | CASE NO. 2:12 CV-1571-DAD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' SECOND MOTION FOR SUMMARY JUDGMENT** |

**I.**

**PLEADINGS**

Plaintiff's First Amended Complaint sets forth allegations that defendants Holt and Austin were deliberately indifferent to plaintiff's claimed serious medical needs and, more specifically, that plaintiff had been treated prior to his June 29, 2011, incarceration at the Colusa County Jail by Dr. Diane Chandler at the Del Norte Clinic with Insulin for diabetes, Requip for "leg syndrome," Prilosec twice daily for acid-reflux, and medication for "my blood pressure," and, further, that on contact with the defendants he "...asked to be evaluated & treated with appropriate medications.." and that his requests were denied from the time of incarceration up and through July 16, 2102, the date of the

1

First Amended Complaint.(First Amended Complaint, Docket 8, p. 5, Paragraph IV).

Defendants filed their first motion for summary judgment (Document #24) on March 27, 2013. The first motion for summary judgment addressed only the allegations by plaintiff concerning the alleged deliberate indifference to his reported diabetes. This court granted defendants' first motion for summary judgment on November 21, 2013, finding that there was no actionable claim concerning the issue of diabetes.(Document #35) and noting that the other allegations had not been addressed by defendants' motion.(Document #35).

The instant motion, then, addresses the remaining claims of constitutionally infirm care as set forth in the plaintiff's First Amended Complaint: i.e., the allegations that his reports that as of the time of his incarceration he suffered from and had previously been treated by Dr. Chandler for the following conditions: high blood pressure, restless leg syndrome, and acid reflux and that he requested that these claimed conditions be evaluated and treated were denied and ignored in violation of plaintiff's constitutional rights.

Further plaintiff states, without providing any specific time frame, that he had prior to incarceration been prescribed insulin for his diabetes and other medications for his other problems (First Amended Complaint, *supra*).

**II.**

**FACTS**

The records from the Colusa County Jail in contrast to the allegations of the plaintiff, demonstrate that from the initial contact with defendant FNP Holt, the reported issues and concerns of plaintiff with respect to his blood pressure, reported restless leg syndrome, and

gastric upset were addressed and evaluated with appropriate treatment provided for the conditions that in fact existed.

**BLOOD PRESSURE:** In response to the report at medical intake by plaintiff on July 7, 2011, that he had a history of high blood pressure, defendant Holt issued an order for blood pressure tests to be performed to determine if, in fact, there was any clinical evidence of hypertension (UMF #1).

The clinical blood pressure tests were performed and the results did not indicate the presence of elevated blood pressure readings and, therefore, no basis for the institution of medication for hypertension existed. (UMF #2).

The care and treatment provided by defendant Holt, as well as the review of that ongoing care by Dr. Austin, concerning the plaintiff's report of high blood pressure was within the applicable standard of care. (UMF #3, #14).

**ACID REFLUX/GERD:** In response to the report on medical intake by plaintiff that he used over the counter antacids to respond to episodes of gastric upset, defendant Holt directed the continued use of an over the counter antacid, Tums, to be obtained from the commissary. (UMF #4). This initial decision for the use of the over the counter antacid was, also, within the applicable medical standard of care. (UMF # 5). Later, in February 2012,when plaintiff again reported intermittent heartburn and following a physical examination of plaintiff, defendant Holt ordered the 14 day use of an antacid, famotidine, to treat the reported GERD symptoms.(UMF #9).

In May 2012, plaintiff reported severe heartburn and that access to OTC Tums had been stopped. The response by defendant Holt was that a custody officer had stopped the access to Tums and that access would be

3

1 provided.

2   Plaintiff Lopez complained of dyspepsia on June 4, 2012, and a return to a bland diet as well as a prescription for Alameg, another antacid, was ordered by FNP Holt. (UMF # 11).

5   On June 20, 2012, Mr. Lopez reported increased stress associated with the status of his criminal trial and requested something stronger for his increased upset stomach; prescription level Prilosec was ordered by FNP Holt.(UMF # 12). As of the time of the transfer of plaintiff out of the Colusa County jail, the prescriptions included Prilosec for the GERD. (UMF #13)

11   The initial treatment in July 2011,by defendant Holt on intake for the report of a history of gastric upset and to continue the reported OTC antacid medication was within the applicable standard of care (UMF # 5) as was the remainder of the care and treatment of the GERD in response to the reports and clinical assessments of the plaintiff by FNP Holt as monitored by Dr. Austin, noted above.(UMF # 14).

17   **RESTLESS LEG:** On intake, the plaintiff reported a history of restless leg syndrome and in response FNP Holt directed the plaintiff to use OTC Tylenol for relief of leg pain. (UMF #7). This decision was within the applicable medical standard of care (UMF #8). In fact, (Declaration of Dr. John Levin, paragraph 9, CFMG record p. 15), it had been reported to defendant Holt that a prior work up for restless leg had been returned negative.

24   In summary and in contrast to the allegations of plaintiff in the First Amended Complaint, the reported high blood pressure was, in fact, addressed at medical intake and the readings did not indicate hypertension or the need for medication to treat a non-existent condition.

4

1  Similarly, the gastric upset or GERD was addressed at intake in July
2 2011 and OTC antacids were continued; further, as reports of gastric
3 upset were made later by plaintiff, the complaints were addressed as
4 discussed *supra* and appropriate response were made in terms of prescribed
5 mediation.

6  Finally, the restless leg syndrome was addressed with pain mediation
7 for any leg discomfort associated with a claimed condition that had
8 reportedly been tested for with negative results prior to incarceration.

9  The medical care provided to plaintiff at the Colusa County jail met
10 the applicable standard of care. (UMF #14). As such given the absence
11 even of any medical negligence, there can be no basis in fact to support
12 any claim that the care by defendants was constitutionally, infirm as
13 discussed *infra*.

**III.**

**THE CARE PROVIDED TO MR. LOPEZ AT THE COLUSA COUNTY JAIL COMPLIED WITH THE APPLICABLE STANDARD OF CARE**

 The medical chronology set forth above has been reviewed and evaluated by Dr. John Levin and he has concluded that the care for each of the three areas that remain in this action, i.e. hypertension, GERD, and restless leg syndrome, for the reason set forth in the records recited and referred to above, complied with the applicable standard of care. (UMF #14)

**IV.**

**STANDARD FOR MOTION FOR SUMMARY JUDGMENT**

 Federal Rule of Civil Procedure 56(c) provides that summary judgment is proper when it is shown that no genuine issue as to any material fact exists and that the moving party is, therefore, entitled to a judgment,

5

as a matter of law.

The moving party bears the initial burden of informing the court of those portions of the pleadings, interrogatories, affidavits, depositions, if any, that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In fact, *Celotex* stands for the proposition that summary judgment <u>should be</u> entered, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element that is essential to the claim of the opposing party and on which the opposing party will bear the burden of proof at trial. *Celotex*, *supra*, at 323.

Once the movant meets its initial responsibility, the burden shifts to the opposing party to establish that a genuine issue as to any material fact does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The party opposing a motion for summary judgment cannot meet his or her burden merely by relying upon his or her own pleadings, but must proffer evidence of specific facts in the form of affidavits and/or admissible discovery material. Rule 56(e); *Matsushita*, *supra*, p. 586 n.11. The opposing party may not meet his or her burden of opposing a motion for summary judgment merely through the use of his or her own unsupported allegations. (*Schoch v. First Fidelity Bankcorporation*, 912 F.2d 654 (3rd Cir. 1990)(Copy attached). Rule 56(e) requires opposing party to set forth facts that would be admissible in evidence at trial. *(Taylor v. Mayone*, 574 F.Supp 609 (D.C.N.Y. 1983))(Copy attached).

The opposing party must show that the fact in contention is a fact that might affect the outcome of the claim. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractor's Assoc.*, 809 F.Ed 626, 630 (9th Cir. 1987). The dispute must

6

be "genuine" and such that a reasonable jury could return a verdict for the opposing party. *Wool v. Tandem Corporation, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

In resolving the summary judgment, the <u>evidence</u> of the opposing party is to be believed, *(Anderson*, *supra*, p.255), and all <u>reasonable</u> <u>inferences</u> are to be drawn in favor of the opposing party. *Matsushita*, *supra* at 587. There must be "evidence", however, to serve as a basis for "reasonable inferences"; such <u>inferences</u> cannot be drawn out of a vacuum but must be premised on <u>facts</u> proffered by the opposing party. (*Richards v. Nielsen Freight Lines*, 602 F.Supp 1224, 1244-45 (E.D. Cal. 1985), aff'd 810 F.2d 898, 902 (9th Cir. 1987). In other words, the hypothecation of some wished for "fact" pattern is insufficient; the opposing party "...must do more than simply show that there is some metaphysical doubt as to the material facts...Where the record taken as a whole could not lead a rational trier of fact to find for the non moving party, there is no genuine issue for trial. *Matsushita*, 475 U.S. at 587 (citation omitted)."

**V.**

**THERE CAN BE NO "DELIBERATE INDIFFERENCE"**

**WHERE THE CARE AND TREATMENT OF DECEDENT**

**MEETS THE APPLICABLE STANDARD OF CARE**

The court has correctly noted that since Plaintiff Lopez was nota convicted state prisoner during the course of his incarceration at the Colusa County jail and was, in fact, a pre-trial detainee the proper standard of review in such cases is the 14th Amendment rather than the 8th Amendment but that the same deliberate indifference standard found under the 8th Amendment and related case law is the proper measure of such care as applied through the 14th Amendment in pre-trial detainee cases. (Docket

7

35, p. 5, fn #1, citing, *Clouthier v. County of Contra Costa*, 591 F. 3d 1232, 1244 (9th Cir. 2010).

In an action for violation of the Eighth Amendment on a claim of inadequate medical case, Plaintiff must allege acts or omissions "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle vs. Gamble* 429 U.S. 106 (1976). The "indifference" must be substantial; mere inadequate treatment due to malpractice even were it to exist is insufficient to state an Eighth Amendment claim. *Estelle*, *supra*, 429 U.S. at 106. A difference of opinion by an inmate is insufficient <u>as a matter of law</u> to create a question of fact sufficient to defeat a motion for summary adjudication. *Sanchez vs. Vild* 891 F. 2d 240, 242 (9th Cir. 1989); *Franklin vs. Oregon* 662 F. 2d 1337, 1344 (9th Cir. 1981); see also, *Toguchi v. Chung*, 391 F.3d 1051, 1058, 1059-60 (9th Cir. 2004) and *Mayfield v. Craves*, 433 F.2d 873, 874 (9th Cir. 1970).

Since proof of "deliberate indifference" requires both the seriousness of the prisoner's medical needs and the subjective assessment of the nature of defendant's response to those needs, *McGuckin v. Smith* 974 F. 2d 1050, 1059 (9th Cir. 1991), Plaintiff must show both that there were serious medical needs and that defendant possessed a sufficiently culpable state of mind. *Wilson v. Seiter* (1991) 501 U.S. 294; *McKinney v. Anderson* 959 F. 2d 853 (9th Cir. 1992) (on remand).

Axiomatic is the fact that if the medical care provided to a prisoner complies with the applicable standard of care, then such treatment cannot be a basis for a finding of "deliberate indifference" since care compliant with the standard would not even "reach" the level of malpractice, let alone the much more stringent standard set forth above as applicable to deliberate indifference. *Farmer v. Brennan* 511

8

1   U.S. 825, 837, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994).

2   The focus then is on the nature of the response to the prisoner's
3   needs in the context of a deliberate indifference claim, *McGuckin v.*
4   *Smith*, *supra*, 974 Fed 2d at 1059.

5   The responses in this case as to plaintiff's report on intake of
6   high blood pressure, GERD, and restless leg syndrome that needed, in
7   plaintiff's view and as alleged in the First Amended Complaint,
8   continuing medical attention, were proper and well founded based on the
9   evaluation of plaintiff's clinical condition at intake, (i.e., the
10  absence of elevated blood pressure readings), as well as the decision to
11  continue OTC antacids for gastric upset and Tylenol, for any leg pain.

12  In order to prevail on a claim involving choices between alternative
13  courses of treatment, a plaintiff must show that the course of treatment
14  the doctors chose was medically unacceptable under the circumstances and
15  that they chose this course in conscious disregard of an excessive risk
16  to the plaintiff's health. See: *Toguchi*, 391 F.3d at 1058; *Jackson v.*
17  *McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (citing *Farmer*, 551 U.S. at
18  837), *cert. denied*, 519 U.S. 1029 (1996). Plaintiff has failed to show
19  the requisite culpable state of mind on the part of any defendant. *Wilson*
20  *v. Seiter*, 501 U.S. 294, 297-299 (1991).

21  Further, in cases involving complex medical issues where plaintiff
22  contests the type of treatment he has received, or not received, expert
23  opinion testimony will almost always b necessary to establish the
24  necessary level of deliberate indifference. *Hutchinson v. United States*,
25  838 F.2d 390 (9th Cir. 1988). Where plaintiff cannot provide expert
26  testimony that the treatment he received reflected deliberate
27  indifference, summary judgment should be granted for defendants.

28  Dr. John Levin finds that the care and treatment received by

plaintiff at the Colusa County Jail complied with the applicable standard of care. (UMF #3, 5, 8, and 14).

**V.**

**CONCLUSION**

Defendants acted within the applicable standard of care given the information, clinical observations and tests results available to them during the course of plaintiff's incarceration. The motion should be granted and the dismissal entered by this court.

Dated: December 13, 2013                    TRIMBLE, SHERINIAN & VARANINI


_____/S/_____
By: Jerome M. Varanini,
Attorney for Defendants
JAMES HOLT, F.N.P.
and JEREMY AUSTIN, M.D.