1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JESUS ANDRES LOPEZ,                         No.  2:12-cv-1571 DAD P

12              Plaintiff,

13        v.                                      ORDER

14   COLUSA COUNTY SHERIFF'S
     DEPARTMENT et al.,
15
                Defendant.
16

17          Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under

18   42 U.S.C. § 1983.  This matter is before the court on defendants' second motion for summary

19   judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure.[1]  Plaintiff has not

20   filed an opposition to the motion.

21          For the reasons set forth below, the court will dismiss this action pursuant to Federal Rule

22   of Civil Procedure 41(b).[2]

23   ─────────────────────

24   [1]  On November 21, 2013, the court granted defendants' first motion for summary judgment,
     which addressed plaintiff's claim that defendants' treatment of his diabetes condition was
25   constitutionally inadequate.  In a subsequent order, the court granted defendants leave to act out
     of time to file this second motion for summary judgment addressing plaintiff's remaining
26   Fourteenth Amendment claims regarding defendants' treatment of plaintiff's high blood pressure,
     acid-reflux, and restless leg syndrome conditions.

27   [2]  Both parties have consented to Magistrate Judge jurisdiction over this action pursuant to 28
28   U.S.C. § 636(c).  (Doc. Nos. 5 & 19.)

                                              1

**BACKGROUND**

On December 13, 2013, counsel on behalf of defendants Holt and Austin filed a second motion for summary judgment, arguing that defendants are entitled to judgment as a matter of law with respect to plaintiff's remaining claims that he received inadequate medical care while incarcerated at the Colusa County Jail.  Plaintiff failed to file any opposition to that second motion for summary judgment.  Accordingly, on January 27, 2014, the court issued an order requiring plaintiff to file his opposition to defendants' motion for summary judgment, if any, within fourteen days.  The court warned plaintiff that failure to file an opposition would be deemed as a statement of non-opposition to the pending motion and would result in this action being dismissed pursuant to Federal Rule of Civil Procedure 41(b).  The fourteen-day period has now expired, and plaintiff still has still not filed an opposition or otherwise responded to the court's order or defendants' motion for summary judgment.

**DISCUSSION**

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992).  In Ferdik, the Ninth Circuit Court of Appeals held that the district court did not abuse its discretion when it dismissed a pro se litigant's civil rights action for failing to file an amended complaint.  The court explained that, in deciding whether to dismiss a case for a litigant's failure to comply with a court order, the district court must weigh five factors:

> "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives."

Id. at 1260-61 (quoting Thompson v. Hous. Auth. of City of Los Angeles, 782 F.3d 829, 831 (9th Cir. 1986).

In this case, the first two factors as well as the fifth factor cited by the court in Ferdik strongly support dismissal of this action.  This case has been pending since June 12, 2012, and has reached the summary judgment stage.  Plaintiff's failure to comply with court orders and the Local Rules strongly suggests that further time spent by the court on this case will consume

2

1    scarce judicial resources in addressing litigation which plaintiff has demonstrated he has no

2    further intention to diligently pursue.  The court specifically warned plaintiff in its January 27,

3    2014, that it would dismiss this action pursuant to Federal Rule of Civil Procedure 41(b) if he

4    failed to file an opposition to defendants' motion for summary judgment.  Nevertheless, plaintiff

5    has failed to file his opposition to defendant's motion.  Under these circumstances, there is no

6    suitable less drastic alternative to dismissal of this action.

7          The third factor, the risk of prejudice to the defendants, also weighs in favor of dismissal.

8    Plaintiff's failure to oppose defendants' motion for summary judgment prevents them from

9    addressing plaintiff's claims on the merits and unnecessarily delays resolution of this action

10   thereby forcing the defendants to incur additional time and expense.

11         Finally, the fourth factor, public policy favoring disposition of cases on the merits, weighs

12   against dismissal of this action.  However, for the reasons set forth above, the first, second, third,

13   and fifth factors support dismissal.  Under the circumstances of this case, those factors outweigh

14   the general public policy favoring disposition of cases on their merits.

**CONCLUSION**

16         Accordingly, IT IS HEREBY ORDERED that this action is dismissed pursuant to Federal

17   Rule of Civil Procedure 41(b).

18   Dated:  March 4, 2014

19

20   _____
     DALE A. DROZD
21   UNITED STATES MAGISTRATE JUDGE

DAD:9
lope1571.ftp

3